## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **CONTEXT DIRECTIONS LLC,** | **Case No.  2:25-cv-00624** |
| Plaintiff, | |
| v. | **PATENT CASE** |
| **PATTERSON MOTORS OF KILGORE, INC., PATTERSON MOTORS OF LONGVIEW, INC., PATTERSON MOTORS OF MARSHALL, INC., PATTERSON MOTORS OF MARSHALL TWO, INC., PATTERSON MOTORS OF TYLER, INC., PATTERSON MOTORS OF TYLER 2, INC., PATTERSON MOTORS OF TYLER 3, INC.,** Defendants. | **JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Context Directions LLC ("Context Directions" or "Plaintiff") files this Complaint for patent infringement against Patterson Motors of Kilgore, Inc., Patterson Motors of Longview, Inc., Patterson Motors of Marshall, Inc., Patterson Motors of Marshall Two, Inc., Patterson Motors of Tyler, Inc., Patterson Motors of Tyler 2, Inc., Patterson Motors of Tyler 3, Inc., ("Patterson" or "Defendants"), and alleges as follows:

### I. PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001.

2.      Upon information and belief, Defendant Patterson Motors of Kilgore, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent William R. Patterson at 3721 Holly Trail, Longview, Texas 75604. Defendant also maintains a place of business in this judicial District at 1611 N Hwy 259, Kilgore, Texas 75662.

3.      Upon information and belief, Defendant Patterson Motors of Longview, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent William Rowan Patterson III, 1201 McCann Road, Longview, Texas 75601. Defendant maintains a place of business in this judicial District at 3114 N Eastman Rd, Longview, Texas 75605.

4.      Upon information and belief, Defendant Patterson Motors of Marshall, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent Richard Traweek, 3435 E. End Blvd S, Marshall, Texas 75672. Defendant maintains a place of business in this judicial District at 3435 E. End Blvd S, Marshall, Texas 75672.

5.      Upon information and belief, Defendant Patterson Motors of Marshall Two, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent William R Patterson III, 1201 McCann Road, Longview, Texas 75601. Defendant maintains a place of business in this judicial District at 3435 E. End Blvd S, Marshall, Texas, 75672.

6.      Upon information and belief, Defendant Patterson Motors of Tyler, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent William R Patterson III, 1201 McCann Road, Longview, Texas 75601. Defendant maintains a place of business in this judicial District at 3916 S SW Loop 323, Tyler, Texas 75701.

7.      Upon information and belief, Defendant Patterson Motors of Tyler 2, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent William R Patterson III, 7878 North State Line, Texarkana, Texas 75503. Defendant maintains a place of business in this judicial District at 3120 S SW Loop 323, Tyler, Texas 75701.

8.      Upon information and belief, Defendant Patterson Motors of Tyler 3, Inc. is a corporation organized and existing under the laws of the State of Texas with a registered agent

William R Patterson III, 7878 North State Line, Texarkana, Texas 75503. Defendant maintains a place of business in this judicial District at 3120 S SW Loop 323, Tyler, Texas 75701.

## II. JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

10.      On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein at 3120 S SW Loop 323, Tyler, Texas 75701, 3916 S SW Loop 323, Tyler, Texas 75701, 3114 N Eastman Rd, Longview, Texas 75605, and 1611 N Hwy 259, Kilgore, Texas 75662.

11.      Without limitation, on information and belief, within this state, Defendants have used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendants have derived revenues from their infringing acts occurring within Texas.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas.  Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their sale of products and/or services within Texas.  Defendants have committed such purposeful acts and/or transactions in Texas such that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity.

12.      Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendants have businesses in this district at 3120 S SW Loop 323, Tyler, Texas 75701,

3916 S SW Loop 323, Tyler, Texas 75701, 3114 N Eastman Rd, Longview, Texas 75605, and 1611 N Hwy 259, Kilgore, Texas 75662.  On information and belief, from and within this District Defendants have committed at least a portion of the infringements at issue in this case.

13.    For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

14.    Plaintiff incorporates the above paragraphs herein by reference.

15.    On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module."  A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

16.    Context Directions is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent.  Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendants.

17.    The invention relates to the field of detecting context of a mobile device and to a mobile device having context detection modules, especially to detect that the mobile device is in a moving vehicle. At the time of the original invention there was a problem of how a mobile device was able to use the onboard sensors to detect the current environment, activity, and circumstances of the user. With these sensors and automatic use of the sensor allow for safer operation of the mobile device when it can recognize the contexts

18.     The prior art methods included detecting the approximate position on the basis of the signals of cell phone towers, however this method required compromising a delay in detection and accepting that there would be many false positives detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power reducing operating time of the mobile device, or reducing the amount of detecting the device could do to maintain its power capacity.

19.     The inventors recognized the utility in creating an energy efficient and timely manner that enables the mobile device to be more efficient.

20.     **Infringement**. Patterson has been and continues to directly infringe at least claims 1 and/or 23 of the '564 Patent in this District and elsewhere in the United States by selling used 2018 Mazda CX-9 Grand Touring, 2020 Mazda CX-30 Premium Package, 2022 Mazda CX-9 Sport, 2022 Mazda CX-5 2.5 S Carbon Edition, 2022 Mazda MX-30 EV Premium Plus Package, 2022 Mazda CX-30 2.5 S Preferred Package, 2022 Mazda CX-30 2.5 S Premium Package, 2022 Mazda3 Hatchback Preferred Auto, 2023 Mazda CX-5 2.5 S Select Package, 2024 Mazda3 Hatchback Carbon Edition,  2024 Mazda CX-30 2.5 S Premium Package, 2024 Mazda CX-5 2.5 S Premium Package, 2024 Mazda CX-50 2.5 S Select Package, 2024 Mazda3 Sedan,  2025 Mazda CX-5 2.5 S Carbon Edition, 2025 Mazda CX-50 Hybrid Premium Plus, 2025 Mazda CX-90 3.3 Turbo Premium Plus Package, 2019 Toyota Mirai, 2022 Toyota RAV4 Prime XSE, 2023 Toyota Rav4 Prime SE, and 2024 Toyota Sequoia Platinum ("Accused Instrumentality"). For example, as shown in the attached claim charts (Exhibit B and C), the Accused Instrumentality infringe at least claims 1 and/or 23 of '564 Patent.

21.     Defendants perform and induce others to perform a method for detecting a context of a mobile device equipped with a plurality of sensors. For example, Defendants provide the

Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors"). For example, the Accused Instrumentality comprises software modules as a part of the operating system executing in the Accused Instrumentality that controls the camera sensor, radar sensor, steering sensor, braking sensor, and speed sensor. The software module monitors the environment to capture and process images and control the vehicle. The camera and radar determine the position of the vehicle with respect to the surrounding vehicles ("detecting a context") by determining at least a distance from the surrounding vehicles. The steering, braking and speed sensors help in controlling the vehicle by steering the vehicle, applying brakes, and controlling the speed of the vehicle (that depict the position of the vehicle relative to the surrounding environment such as the road and the surrounding vehicles) ("detecting a context").

22.    Defendants perform and induce others to perform a step of assigning the plurality of sensors to a plurality of sensor groups, wherein each sensor group is assigned at least one sensor. For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2 ("plurality of sensor groups").

23.    Defendants perform and induce others to perform a step of arranging the sensor groups according to a hierarchy. For example, Defendants provide the Accused Instrumentality ("mobile device"). The Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of

sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2. The Accused Instrumentality provides safety sensors that comprise features including but not limited to pre-collision system with pedestrian detection, dynamic radar cruise control, lane departure alert with steering assist, and lane tracing assist. For example, the Accused Instrumentality performs the following steps to control movement of the vehicle. The steering sensor, braking sensor and speed sensor are activated first to measure and control at least the moving vehicle's speed, braking and steering. Once the vehicle is moving, the camera and radar are activated to monitor the objects (including but not limited to vehicles, roads, trees) surrounding the Accused Instrumentality. If the Accused Instrumentality detects, using the camera and radar, that there are objects/vehicles near the Accused Instrumentality, the speed sensor increases and/or decreases the speed of the vehicle to avoid collisions. Further, the steering sensor steers the vehicle left and/or right to avoid any surrounding objects and to automatically change lanes and/or to keep the vehicle within the lane. Therefore, Groups 1 and 2 are arranged according to a hierarchy since Group 1 comprising the steering sensor, braking sensor and speed sensor is activated first and Group 2 comprising the camera and radar is activated second.

24.    Defendants perform and induce others to perform a step of activating a classification by a classifier assigned to a second sensor group after a result of a classification by a classifier assigned to a first sensor group, wherein the second sensor group is at a higher level in the hierarchy than the first sensor group. For example, the software module 2 ("a classifier assigned to a second sensor group") for Group 2 ("second sensor group") comprising camera and radar is executed ("activate a classification") to take distance measurements of the surrounding objects and determine the position of the vehicle relative to the surrounding objects ("context of the mobile device") after the software module 1 for Group 1 comprising the steering, braking and speed sensor

is executed ("after a result of the classification by the classifier assigned to the first sensor group"). It is apparent for a person skilled in the art that in order to detect the objects surrounding a moving vehicle, the steering, braking and speed sensors will be activated first so that the vehicle is in a moving state and to allow monitoring of vehicle's speed, braking and steering. Next, the camera and radar are activated such that the movement of the vehicle is controlled based on the information (regarding any surrounding objects) received from the camera and radar.

26.    Defendants perform and induce others to perform a step of adapting a configuration of the classifier assigned to the first sensor group based, at least in part, on a result of the classification by the classifier assigned to the second sensor group. For example, the configuration (including but not limited to the software variables used in the software module) of the software module 1 ("classifier assigned to first sensor group") assigned to steering, braking and speed sensors is adapted/modified based on the software module 2 ("classifier assigned to the second sensor group") assigned to the camera and radar. The camera processes the image and the radar detects and calculates the distance of the objects surrounding the moving vehicle. The information collected from camera and radar teaches the steering sensor, braking sensor, speed sensor and the classifier assigned to first sensor group to control the motion of the moving car. For example, as a part of safety sensors, upon detection of any hazard or car nearby, the camera and radar teach the steering sensor and the corresponding classifier to automatically change lane and/or adjust the vehicle's position within the lane. The camera and radar, as a part of dynamic radar cruise control feature, teach the speed sensor, the brake sensor and the corresponding classifier to increase and/or decrease the vehicle speed to maintain the necessary distance from the vehicle in front of the Accused Instrumentality.

26.    Moreover, Defendants' acts of direct and indirect infringement of the '564 Patent occurred with Defendants' full knowledge that their selling and offering for sale of the Accused

Instrumentalities constitutes infringement of the '564 Patent. In particular, on or about October 26, 2023, Plaintiff provided written notice to Defendants regarding their infringement of the '564 Patent. Defendant was thus made aware of the '564 Patent and the fact that Defendants were selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the Accused Instrumentalities. Defendants' infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Directions of its attorneys' fees in accordance with 35 U.S.C. § 285.

27.     Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

28.     Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### IV.   COUNT II
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

29.     Plaintiff incorporates the above paragraphs herein by reference.

30.     On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device."  A true and correct copy of the '791 Patent is attached hereto as Exhibit D and incorporated herein by reference.

31.     Context Directions is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent.  Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendants.

32.     The '791 Patent shares the identical specification as the '564 patent and therefore Context Directions incorporates the background and discussion of the invention in Paragraphs 11-13.

33.     **Infringement**. Patterson has been and continues to directly infringe at least claim 1 of the '791 Patent in this District and elsewhere in the United States by selling used 2018 Mazda CX-9 Grand Touring, 2020 Mazda CX-30 Premium Package, 2022 Mazda CX-9 Sport, 2022 Mazda CX-5 2.5 S Carbon Edition, 2022 Mazda MX-30 EV Premium Plus Package, 2022 Mazda CX-30 2.5 S Preferred Package, 2022 Mazda CX-30 2.5 S Premium Package, 2022 Mazda3 Hatchback Preferred Auto, 2023 Mazda CX-5 2.5 S Select Package, 2024 Mazda3 Hatchback Carbon Edition,  2024 Mazda CX-30 2.5 S Premium Package, 2024 Mazda CX-5 2.5 S Premium Package, 2024 Mazda CX-50 2.5 S Select Package, 2024 Mazda3 Sedan,  2025 Mazda CX-5 2.5 S Carbon Edition, 2025 Mazda CX-50 Hybrid Premium Plus, 2025 Mazda CX-90 3.3 Turbo Premium Plus Package, 2019 Toyota Mirai, 2022 Toyota RAV4 Prime XSE, 2023 Toyota Rav4 Prime SE, and 2024 Toyota Sequoia Platinum ("Accused Instrumentality"). For example, as shown in the attached claim charts (Exhibit E and F), the sale of the '791 Patent Accused Instrumentalities infringes at least claim 1 of the '791 patent.

34.     Moreover, Defendants' acts of direct and indirect infringement of the '791 Patent occurred with Defendants' full knowledge that their selling and offering for sale the '791 Patent Accused Instrumentalities constitutes infringement of the '791 Patent. In particular, on or about October 26, 2023, Plaintiff provided written notice to Defendants regarding their infringement of the '791 Patent. Defendants were thus made aware of the '791 Patent and the fact that Defendants were selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Instrumentalities. Defendants' infringement thus

has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an

award to Context Directions of its attorneys' fees in accordance with 35 U.S.C. § 285.

35.     Context Directions is entitled to recover damages adequate to compensate it for

such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

36.     Context Directions will continue to be injured, and thereby caused irreparable

harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against

Defendants, granting the following relief:

a.     Judgment that one or more claims of United States Patent No. 9,807,654 have been
infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b.     Judgment that one or more claims of United States Patent No. 10,142,791 have
been infringed, either literally and/or under the doctrine of equivalents, by
Defendants;

c.     Judgment that Defendants account for and pay to Plaintiff all damages to and costs
incurred by Plaintiff because of Defendants' infringing activities and other conduct
complained of herein;

d.     As a consequence of Defendant's willful infringement, trebling the foregoing
damages award in accordance with 35 U.S.C. § 284;

e.     An award of attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise
permitted by law;

f.     That Defendant be permanently enjoined from any further activity or conduct that
infringes;

g.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages
caused by Defendants' infringing activities and other conduct complained of
herein; and

h.     That Plaintiff be granted such other and further relief as the Court may deem just
and proper under the circumstances.

## V.  <u>JURY DEMAND</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: June 12, 2025                              Respectfully submitted,

<u>/s/ Steven G. Kalberg</u>
David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131)
*(Admitted to U.S. District Court for the Eastern District of Texas)*
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
Email: dbennett@directionip.com
Email: skalberg@directionip.com


**COUNSEL FOR PLAINTIFF**
**CONTEXT DIRECTIONS LLC**